PATTERSON, Presiding Judge.
The appellant, Thomas Perry Isbell, appeals from the denial of his petition seeking post-conviction relief pursuant to A.R.Crim.P.Temp. 20. In his petition he attacks the validity of his convictions for sodomy and rape in the second degree and for sexual abuse in the first degree.
Initially the appellant was indicted in a five-count indictment for rape in the first degree, sodomy in the first degree, two counts of sexual abuse in the first degree, and sexual abuse in the second degree. Pursuant to a plea bargain agreement, the State agreed that in return for the appellant’s entering pleas of guilty in these cases it would dismiss two of the counts, reduce two of the charges, and allow the appellant to plead guilty to sodomy in the second degree, rape in the second degree, and sexual abuse in the first degree. As part of the agreement, the State agreed to recommend to the trial court sentences of eight years’ imprisonment on each count, to run concurrently. The trial court entered pleas of guilty, but did not follow the recommendation of the prosecution in sentencing, but instead, the sentenced appellant to eight years’ imprisonment in each case and ordered the sentence in one case to run consecutively with the two others, which were ordered to run concurrently. Thereafter, the appellant filed a timely notice to withdraw his guilty pleas, which was denied by the trial court. He appealed his convictions, and we affirmed on September 13, 1988, without issuing an opinion. Isbell v. State, 537 So.2d 73 (Ala.Crim.App.1988).
In its order denying the appellant’s Rule 20 petition, the trial court held that the appellant’s claims were precluded from review under Rule 20.2(a)(2) and (4) because they had been previously raised at trial and on appeal. The trial court is correct as to the issue of whether the appellant should have been allowed to withdraw his guilty pleas because this issue had been previously raised at trial and on appeal, but the court did not address the appellant’s claim *1105 of ineffective assistance of counsel. The ineffectiveness of counsel had not been raised in any prior proceedings. The State contends that the issue of effectiveness of counsel has not been adequately raised in the appellant’s Rule 20 petition; however, we think otherwise. We note that the trial court permitted the presentation of evidence on this issue. The appellant testified that he had been advised by his counsel that he had an unconditional right to withdraw his guilty pleas if the plea bargain agreement was not accepted by the trial court and that he relied on this advice when he entered his pleas. He further testified that when the trial court failed to accept the plea bargain agreement, he would have withdrawn his guilty plea had he been afforded the opportunity. His trial counsel testified that he had given his client this advice. If this is true, the pleas were involuntary and counsel was ineffective in standing by silently and raising no objection when the guilty pleas were entered.
We are of the opinion that this case should be remanded to the trial court with instructions to make findings of fact in reference to the appellant’s claim of ineffective assistance of counsel. The findings should take into consideration the credibility of the witnesses, and the trial court should take additional testimony on the issue if it deems it necessary. The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.